**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TERESA A. LANDEFELD,**

      **Plaintiff,**                         **Case No. 2:15-cv-880**
                                               **JUDGE GREGORY L. FROST**
     **v.**                            **Magistrate Judge Norah McCann King**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**<u>ORDER</u>**

This action seeks review under 42 U.S.C. § 405(g) of a decision by Defendant, the Commissioner of Social Security, that denied an application for supplemental security income filed by Plaintiff, Teresa A. Landefeld.  The matter is before the Court for consideration of the Magistrate Judge's December 8, 2015 Report and Recommendation (ECF No. 19), Plaintiff's objections (ECF No. 20), and Defendant's response to the objections (ECF No. 22).  In the Report and Recommendation, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner of Social Security pursuant to Sentence 4 of 42 U.S.C. § 405(g) and dismiss this action.   In response, Plaintiff filed objections.  Briefing on the objections has closed, and the Report and Recommendation and objections are ripe for disposition.  For the reasons that follow, the Court overrules the objections and adopts the Report and Recommendation.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.

R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff first objects to the Magistrate Judge's conclusion that the determination of her credibility by the administrative law judge ("ALJ") was supported by substantial evidence in the record.  The crux of Plaintiff's argument is that the ALJ improperly relied on objective findings in addressing the fibromyalgia issue, that the ALJ credited Plaintiff's attending college as engaging in substantial daily activities without sufficiently taking into account accommodations that enabled the attendance, and that the ALJ failed to mention or apparently consider other required factors.

This Court disagrees.  Review of the ALJ's decision in light of the record confirms that the ALJ properly credited Plaintiff with numerous daily activities, including attending college full time, maintaining a residence by herself, shopping, and (to a degree) socializing.  Although the ALJ did not expressly discuss the accommodations Plaintiff enjoys in regard to attending school throughout the entirety of his analysis, he did note that Plaintiff's "college teachers let her stand in the back of the room when she needed to."  (ECF No. 9-2, at Page ID # 76.)  The ALJ was thus aware of the accommodations and was correct in ultimately finding that Plaintiff "was able to attend classes in person and online, take notes, do research, complete homework, and type papers."  (ECF No. 9-2, at Page ID # 73.)  The ALJ found that Plaintiff has moderate restriction in the activities of daily living, and  there is substantial evidence in the record supporting this conclusion.  Thus, the Court cannot say that the ALJ failed to assess Plaintiff's circumstances in weighing her educational pursuits as he did.

Nor can this Court say that the ALJ improperly discounted Plaintiff's fibromyalgia due to a lack of objective findings.  Plaintiff is correct that the ALJ referenced the lack of objective

findings in regard to the fibromyalgia.  But the ALJ noted that Plaintiff had stated that her fibromyalgia was "under control."  (*Id.* at 73, 78, 83.)  The ALJ also discounted Plaintiff's subjective allegations of pain and other fibromyalgia-related complications due to multiple inconsistencies in the record.  The ALJ explained that when statements about a plaintiff's symptoms are not substantiated by objective medical evidence, the ALJ has to make a credibility finding based on consideration of the entire case record.  (*Id.* at 76.)  The ALJ did just that here.

The record is replete with contradictory reports from Plaintiff as to the severity of her conditions and the impairments they cause.  This Court need not repeat them here, given the length at which the ALJ correctly summarized the many contradictions.  These contradictions provide substantial support for the ALJ's conclusions that "the description of symptoms and limitations that the claimant has provided throughout the record has generally been inconsistent, unpersuasive, exaggerated, and not supported with objective findings" and that "[t]he record reflects that [Plaintiff] has made many inconsistent statements regarding matters relevant to the issue of disability."  (*Id.* at 81.)  Thus, regardless of the objective findings issue, there is substantial evidence in the record supporting the conclusion that Plaintiff has simply exaggerated the severity of her fibromyalgia.  In reaching this conclusion, the ALJ properly relied on a credibility assessment because a "plaintiff's credibility . . . is particularly relevant in fibromyalgia claims, in which there is an absence of sufficient objective medical evidence to support the claim."  *Tewksbury v. Comm'r of Soc. Sec.*, No. 1:13-cv-440, 2014 WL 4627097, at *4 (W.D. Mich. Sept. 15, 2014).  Plaintiff's first objection is therefore without merit.

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ appropriately considered the limitations imposed by her fibromyalgia at each requisite stage of the sequential evaluation.  The ALJ credited Plaintiff's alleged fibromyalgia as a severe impairment and then

concluded that both alone and collectively with her other impairments, the fibromyalgia did not meet or equal the Listing of Impairments requirements.  (ECF No. 9-2, at Page ID # 72.)  In proceeding through the last three sequential steps, the ALJ did not often mention fibromyalgia by name, but this does not mean that the ALJ did not consider it at each and every step.  Rather, the ALJ simply discussed Plaintiff's conditions by general reference rather than by repeated specific references.

Moreover, Plaintiff's contention that reversible error exists because the ALJ failed to apply SSR 12-2p is incorrect.  As the Magistrate Judge correctly noted, SSR 12-2p does not mandate express consideration of Listing 14.09D, and even if it did, Plaintiff has notably failed to set forth *how* her condition equals the inflammatory arthritis listing.  *See Luukkonen v. Comm'r of Soc. Sec.*, No. 1:13-CV-1115, 2015 WL 1119747, at *1 (W.D. Mich. Mar. 11, 2015) ("The Commissioner's failure to cite explicitly to SSR 12–2p does not render her decision invalid, nor does it provide a basis for otherwise disturbing her decision without a showing of error under SSR 12–2p."); *White v. Colvin*, No. 4:12-cv-11600, 2013 WL 5212629, at *22 (E.D. Mich. Sept. 16, 2013) ("SSR 12–2p does not require an ALJ to consider any specific listing, but simply requires him or her to consider a claimant's fibromyalgia against a relevant listing, citing Listing 14.09D as one such example.").  The Court also notes that "SSR 12–2p does not do away with the requirement that, once the ALJ finds that the claimant has fibromyalgia, he must determine whether that fibromyalgia, alone or in combination with other impairments, was disabling."  *Colwell v. Astrue*, No. 5:12CV666, 2013 WL 775394, at *5 (N.D. Ohio Feb. 25, 2013).  Here, the ALJ did just that and found that Plaintiff is not disabled.  Plaintiff's second objection is therefore also without merit.

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections (ECF No. 20), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 19), **DENIES** Plaintiff's statement of errors (ECF No. 10), and **AFFIRMS** the decision of the Commissioner.  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE